UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                                                                                   :

BRETTON J. BOLT,                                   :
                              Plaintiff,                 :

                -against-                       :
                                                         :        12 Civ. 0583 (JPO)
FRANCIS P. KIRLEY and                    :
NEXION HEALTH, INC.,                     :        MEMORANDUM AND
                                                         :                 ORDER
                          Defendants,             :
                                                         :
-------------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

       Plaintiff Bretton J. Bolt ("Bolt") brings this action both on his own behalf against Nexion Health, Inc. ("Nexion") and derivatively, on Nexion's behalf, against Francis P. Kirley ("Kirley"). In their Motions to Dismiss, Defendants Kirley and Nexion present several arguments for the dismissal of the three causes of action alleged in Bolt's Amended Complaint. It is only necessary to reach the jurisdictional issues raised by Defendants, which prove fatal to all three claims alleged in the Amended Complaint. As explained below, this Court does not have personal jurisdiction over Defendant Kirley. As a result, the claims against him must be dismissed. Because Bolt's argument that this Court can exercise supplemental jurisdiction over Nexion hinges upon the jurisdictional muster of the claims against Kirley, the claim against Kirley must be dismissed for lack of subject matter jurisdiction.

I.     **Background**

    A.  **Factual Background**

The following facts are drawn from the allegations in the Amended Complaint, which are presumed true for purpose of this motion. (Dkt. No.19 ("Am. Compl.").)  This summary focuses on the facts pertinent to the motion before the Court.

Defendant Kirley is the majority shareholder, President, and Chief Executive Officer of Nexion, a healthcare and rehabilitation service provider, incorporated under the laws of Delaware. Nexion's principal place of business is in Maryland, though Nexion also has offices in Colorado, Louisiana, and Texas. Plaintiff Bolt is a minority shareholder and, until resigning in May of 2011, he was also the Executive Vice President, Chief Financial Officer, and Secretary of Nexion. Since his departure, Kirley has been the sole director of the company.

Sometime between 2006 and 2007, Kirley formed, in his individual capacity, Maryland Pharmacy Holdings, LLC, which in turn gained a majority stake in a Texas pharmacy. Through a different LLC of which he was the sole owner, Kirley also acquired an ownership interest in an inpatient psychological hospital in Shreveport. Bolt alleges these are only two examples of various business opportunities that Kirley unlawfully took for himself at the expense of Nexion.

At some point, an unidentified company ("Purchaser") began negotiating with Nexion about acquiring Nexion. Kirley, acting as a representative of Nexion, signed a confidential term sheet with Purchaser. However, Kirley never told Nexion's board of directors or shareholders about the term sheet, or even about Purchaser's interest in acquiring Nexion. Instead, Kirley unilaterally decided to reject Purchaser's offer. Bolt alleges that Kirley's behavior in the face of Purchaser's attempted acquisition stemmed from his own personal interest in, *inter alia*, remaining CEO of Nexion.

On October 21, 2011, Bolt sent a demand letter to Nexion, requesting that the company take action against Kirley for breaching his fiduciary duties to Nexion and self-interestedly thwarting Purchaser's acquisition of Nexion. In his letter to Nexion, Bolt also invoked his right, pursuant to section 5 of the Shareholder Agreement ("SHA"), to receive an accounting and access to certain Nexion information, documents, and records. On December 12, 2011, Nexion's General Counsel, Brian P. Lee ("Lee"), responded to Bolt's letter. Lee stated that, in Nexion's opinion, Bolt's claims regarding Kirley's alleged misdeeds lacked merit. Lee also declined to provide Bolt with the information Bolt requested, contending that Nexion was not required to do so under section 5 of the SHA.

**B.  Procedural History**

On January 24, 2012, Bolt filed a Complaint in this Court. The Complaint was amended on March 16, 2012. In the Amended Complaint, Bolt derivatively brings two claims on behalf of Nexion against Kirley, one alleging various breaches of Kirley's fiduciary duties to Nexion (Count I), the other alleging unjust enrichment at Nexion's expense (Count II). In his Amended Complaint, Bolt argues that Kirley's business ventures were in Nexion's line of business and that Nexion had a tangible expectancy in those ventures. Bolt also individually brings a third claim, premised on a breach of contract theory, against Nexion, for Nexion's failure to provide him with the requested records (Count III).[1] Defendant Kirley has moved to dismiss Counts I and II of the Amended Complaint. Defendant Nexion has moved to dismiss Count III.

---

[1] Bolt's original Complaint named both Kirley and Nexion as defendants in Bolt's breach of contract action. After Kirley argued in his motion to dismiss the original Complaint that Bolt could not state a claim against Kirley as to a breach of the SHA, Bolt amended the third claim to name only Nexion as a defendant. (*Compare* Dkt. No. 1 ("Compl.") at 11 *with* Dkt. No. 19 ("Am. Compl.") at 16).

## II. Discussion

### A. Motion to Dismiss Standard

To survive a motion to dismiss pursuant to Federal Rule 12(b)(6), a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept as true all well-pleaded factual allegations in the complaint, and "draw[ ] all inferences in the plaintiff's favor." *Allaire Corp. v. Okumus*, 433 F.3d 248, 249-50 (2d Cir. 2006) (internal quotations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555 (noting that a court is "not bound to accept as true a legal conclusion couched as a factual allegation" (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))).

Once a defendant raises a personal jurisdiction defense in a motion to dismiss, the plaintiff then bears the burden of proving that personal jurisdiction over the defendant exists. *Whitaker v. Am Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001). A plaintiff can meet this burden "through his own affidavits and materials, containing an averment of the facts that, if credited . . . , would suffice to establish jurisdiction over the defendant." *Id*. (citations and internal quotation marks omitted).

### B. Personal Jurisdiction Over Kirley (Counts I and II)

Kirley contends that the first two counts of Bolt's Amended Complaint must be dismissed pursuant to Rule 12(b)(2) because the Court lacks personal jurisdiction over Kirley. Bolt, however, argues that the common law claims he brings against Kirley as an individual are covered by the forum selection clause in the Shareholders Agreement ("SHA"). Section 6.6, the "Jurisdiction" section of the SHA, is Bolt's sole basis for his position that Kirley is subject to personal jurisdiction in New York. (Am. Compl. at ¶ 4.) Thus, this Court's jurisdiction over Kirley hinges on Kirley's having consented to this Court's jurisdiction under the SHA.

Section 6.4 of the SHA provides that the contract is governed by Delaware law. Thus, the "meaning and scope" of the SHA's jurisdiction clause is determined by the laws of Delaware. *See Phillips v. Audio Active Ltd.*, 494 F.3d 378, 386 (2d Cir. 2007). Thus, the parties appear to agree that Delaware law should be used to determine whether personal jurisdiction exists here.[2]

Under Delaware law, parties "may expressly consent to jurisdiction by contract." *Ruggiero v. FuturaGene, plc.*, 948 A.2d 1124, 1132 (Del. Ch., 2008). An officer or director of a corporation may consent on her own behalf to be subject to the jurisdiction of a foreign court, but the company's consent to a certain jurisdiction does not constitute a waiver on behalf of its officers and directors. *See Parker v. Comcast Corp.*, 2005 WL 2456221, at *2 (D. Del. Oct. 5, 2005) (citing *Wallace v. Wood*, 752 A.2d 1175, 1180 (Del. Ch. 1999)) ("Delaware law clearly

---

[2] Of course, Delaware law is not the only relevant legal source for determining whether personal jurisdiction exists; the U.S. Constitution also plays a critical role. A court cannot exercise personal jurisdiction over a party unless doing so "comport[s] with constitutional due process principles." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 60 (2d Cir. 2012). Forum selection clauses, whether mandatory or optional, do not offend the Due Process Clause of the Fourteenth Amendment, as parties are free to waive their right to assert a personal jurisdiction defense. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (noting that "the personal jurisdiction requirement is a waivable right"); *see also Ameritrust Co. Nat. Ass'n v. Chanslor*, 803 F.Supp. 893, 896 (S.D.N.Y. 1992) (rejecting argument that enforcement of a forum selection clause violates due process rights of a party without minimum contacts with the forum state).

holds that officers of a corporation are not liable on corporate contracts as long as they do not purport to bind themselves individually."); *see also Ruggierro*, 948 A.2d at 1132 (same). Moreover, an officer or director may consent to jurisdiction in her capacity as a stockholder while not doing so as an officer or director. *Id*. at 1132-33.

*Ruggiero* perfectly illuminates this principle. There, discontented former stockholders of an Indiana corporation called FuturaGene, Inc. sued FuturaGene plc., the company resulting from the merger of FuturaGene, Inc. and a British corporation, as well as several officers and directors. Personal jurisdictional over the defendant in Delaware was premised upon a merger agreement, signed by, among others, Prichard, a corporate director of FuturaGene and a defendant in the case. The defendants argued that the signature of Pritchard, "who signed the Merger Agreement as a selling FuturaGene, Inc. stockholder," was "an insufficient basis on which to confer personal jurisdiction in this litigation." 948 A.2d at 1131. The Delaware Court of Chancery agreed, finding that an officer's consent to be bound to a merger agreement's forum selection clause in his personal capacity as a stockholder did not bind him as an officer and director of the corporation:

> The plaintiffs point out that Pritchard signed the Merger Agreement in his capacity as a stockholder of FutureGene, Inc. They argue that he therefore consented to personal jurisdiction in Delaware in this case. This argument is misguided. . . . Here, Pritchard signed the Merger Agreement *as a selling stockholder, not a corporate officer or director* of FutureGene, plc, and therefore *his consent applies only to claims against him as a selling stockholder*.

948 A.2d at 1132-33 (emphases added). As a result, former stockholders could not invoke the forum selection clause in their suit against the corporation and its officers and directors. *Id*. at 1129.

Bolt concedes that *Ruggiero* and this case concern "arguably similar jurisdictional provisions," but argues that "the individual officers and directors of the corporations that the

6

court in *Ruggerio* held were not subject to personal jurisdiction were not parties to the Merger Agreement containing the consent-to-jurisdiction provision . . . ." (Dkt. No. 32 ("Pl.'s Opp'n. I & II") at 6). Quite the contrary, as the above quotation from *Ruggerio* clearly indicates, an individual officer *did* sign the agreement in his personal capacity, and the Court held that this *did not* bind the corporation for which he served as a director.[3]

That said, *Ruggerio* is in one respect a clearer case than the case at bar: in that case, it appears that Pritchard signed the agreement at issue only in his capacity as a shareholder. In this case, Kirley signed both as a shareholder and on behalf of Nexion.[4] Nonetheless, Kirley signed on behalf of Nexion in order to *bind* Nexion to the SHA; there is no indication that he "purport[ed] to bind [himself] individually" as a corporate officer. *Parker*, 2005 WL 2456221, at *2.

Thus, as in *Ruggiero*, Kirley has submitted to this jurisdiction as a *shareholder*, but not as an *officer or director* of Nexion. But the derivative claims asserted in this action are necessarily against Kirley as an officer or director.

In any event, it is clear that the SHA simply does not pertain to the allegations made by Bolt in his first two causes of action.

In section 6.6 of the SHA, the parties agree that

> THE STATE AND FEDERAL COURT OF NEW YORK SHALL HAVE JURISDICTION TO HEAR AND DETERMINE ANY CLAIMS OR DISPUTES BETWEEN THE SHAREHOLDERS AND THE COMPANY PERTAINING DIRECTLY OR INDIRECTLY TO THIS AGREEMENT AND ALL DOCUMENTS . . . PURSUANT THERETO, OR TO ANY MATTER ARISING THEREFROM ."

---

[3] Not only does Bolt fail to distinguish *Ruggiero*, but he also cites no cases that substantively support his position that Kirley should be found to have consented to jurisdiction pursuant to §6.6. (*Id*. at 5-7.)

[4] The final page of the SHA contains (1) a signature line for "THE COMPANY"—signed by Kirley as "President"; and (2) signature lines for "THE SHAREHOLDERS"—signed by Kirley and Bolt.

The issue, then, is whether the first two causes of action in Bolt's complaint "pertain[] directly or indirectly to [the SHA], or to any matter arising therefrom."

While parties may consent to jurisdiction by contract, consenting parties are "[o]f course . . . bound only by the terms of the consent, and such consent applies only to those causes of action that are identified in the consent provision." *Ruggiero*, 948 A.2d at 1132. In *Parfi Holding AB v. Mirror Imagine Internet, Inc.*, the Supreme of Delaware proffered a useful test for determining whether a shareholder's suit against a corporation and its officers and directors "arise[s] out of or in connection with" a particular contract between the shareholders and the corporation. 817 A.2d 149, 154 (Del. 2002). "Generally," explained Delaware's high court, "purportedly independent actions do not touch matters implicated in a contract if the independent cause of action could be brought had the parties not signed a contract." *Id*. at 156 n.24.

*Parfi* concerned the issue of whether an arbitration clause in an underwriting agreement should control in a minority shareholder's fiduciary duty claims against a corporation.[5] Applying the test above, the court concluded that, because the fiduciary duty claims "would be independently and separately assertable" even if no underwriting agreement existed, the claims "are therefore not 'in connection with' the Agreement." *Id*. at 157. That is to say, "[t]he fiduciary duties [a corporation] owes [its shareholders] are beyond the contract and rest on an independent set of rights provided for in the Delaware corporation law." *Id*. at 158.

Bolt makes much of the language in § 6.6 providing that the shareholders and the company agree to the jurisdiction provision of the SHA "[t]o the extent provided by law."

---

[5] Bolt attempts to distinguish *Parfi* by latching onto the fact that it concerns an arbitration agreement rather than a jurisdiction clause. This, however, misses the point of the Delaware Supreme Court's holding in *Parfi*. The plaintiffs in *Parfi* lost not because the Delaware Supreme Court objects to arbitration clauses; quite the contrary, that court "strive[s] to honor" such provisions whenever possible. *Id.* at 155. Rather, the issue was that, just like §6.6 in SHA in this case, such clauses "can extend only so far as the series of obligations set forth in the underlying agreement." *Id*. at 156.

When read in context, however, this language does no more than underscore that any claim "pertaining" to the SHA *must* be brought in New York.  It does not, as Bolt implies, expand the jurisdiction provision beyond claims relating to the SHA.

Bolt contends that the "breach of fiduciary duty claim in Count I of the Complaint and the unjust enrichment claim in Count II relate at least 'indirectly' to the [SHA] or 'aris[e] therefrom,'" because Bolt brings the suit "in his capacity as a shareholder."  (Pl.'s Opp. I & II at 7.)  Bolt also points out that the documents he seeks in his individual capacity in Claim III relate to the prosecution of Claims I and II.  While Bolt may be correct that the claims are related in some sense of the word, it is clear that they fail the relatedness test laid out by the Delaware Supreme Court.  As Kirley correctly notes, "the SHA does not even mention, let alone create, the fiduciary duties that Kirley owes to its stockholders as an officer and director."  (Dkt. 29 ("Def.'s Mem. I &  II") at 9).  Rather, the obligations that Kirley owes to Nexion's shareholder's that have allegedly been violated are grounded in Delaware law, as well as Nexion's bylaws and certificate of incorporation.

Therefore, this Court lacks personal jurisdiction over Kirley in this case, and Counts I and II must be dismissed.

## C. Subject Matter Jurisdiction (Count III)

As courts of limited jurisdiction, federal courts "lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009).  Under 28 U.S.C. § 1332(a), federal diversity jurisdiction exists only where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  In Bolt's Amended Complaint, he asserts that jurisdiction for all three causes of action is proper solely under 28 USC § 1332.  (Am. Compl. at

¶ 6). In his Opposition to the Motion to Dismiss Claim III, however, Bolt argues that this Court has subject matter jurisdiction over Count III through 28 USC § 1367. As Bolt seems tacitly to acknowledge, Count III cannot itself survive under federal diversity jurisdiction, since the allegations in the Amended Complaint do not satisfy the "amount in controversy" requirement of § 1332.[6]

Of course, supplemental jurisdiction can be maintained only if the action at issue is "part of the same case or controversy" as an "action within [the] original jurisdiction" of the Court. 28 U.S.C. § 1367(a). Here, the Court has no personal jurisdiction over the only defendant named in Counts I and II, so there are no longer claims on which to append Count III. Therefore, Count III does not fall within the subject matter jurisdiction of this Court.

Moreover, even if this Court did have personal jurisdiction over Counts I and II, Plaintiff's attempt to bootstrap Count III to Counts I and II would fail. When a federal court's jurisdiction over a claim rests solely upon § 1332 diversity jurisdiction, § 1367(b) prohibits courts from exercising supplemental jurisdiction over related claims "under Rule 14, 19, 20 or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules," unless the related claims also satisfy the requirements for diversity jurisdiction under § 1332. Congress modeled this rule on the Supreme Court's holding in *Owen Equipment & Erection Co. v. Kroger*, where the Court sharply curtailed the use of ancillary jurisdiction in cases based upon § 1332 to stop parties from "evad[ing] completely" § 1332's diversity jurisdiction requirements. 437 U.S. 365, 375 (1978); *accord* 7 Fed. Prac. & Proc. Civ. § 1659 (3d ed.) (noting that § 1367(b) is "consistent with case law preceding the

---

[6] Section 1332(a) provides that diversity jurisdiction is only proper "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." Bolt seeks "non-monetary relief from Nexion only" under Claim III. (Am. Compl. at ¶ 6.) Claims against different defendants cannot be aggregated to meet the $75,000 requirement. *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins*, 160 F.3d 925, 933 (2d Cir. 1998).

10

statute holding that ancillary and pendent jurisdiction could not be utilized to bring in parties under Rule 20 whose claims failed to satisfy the diversity requirements").

Plaintiff Bolt has joined claims against two defendants in this case, ostensibly under Rule 20, which permits the permissive joinder of parties in certain circumstances.[7]  However, § 1367(b) precludes Bolt from using joinder of parties to bootstrap a case that satisfies § 1332's diversity jurisdiction requirement to one that does not.  As a result, supplemental jurisdiction is inappropriate in this action.

### III. Conclusion

For the foregoing reasons, the Motions to Dismiss filed by defendants Kirley and Nexion are both GRANTED.  All claims are hereby dismissed.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: New York, New York
       October 17, 2012

_____
J. PAUL OETKEN
United States District Judge

---

[7] Bolt has not clearly explained under which Federal Rule of Civil Procedure he joins his claims against the defendants.  In any event, this Court shares Defendant Nexion's doubt as to whether Counts I and II have been properly joined with Count III.  (*See* Dkt. No. 34 ("Nexion's Reply Mem.") at 3 n.3.)  At this juncture, however, the Court need not resolve this issue.